UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIAM H. BERRY, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. C-09-116 |
| | § | |
| CHASE HOME FINANCE, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM & ORDER

Before the Court is Plaintiff William H. Berry, Jr.'s ("Plaintiff") Motion to Remand (Dkt. No. 9), to which Defendant Chase Home Finance, LLC ("Defendant") has responded (Dkt. No. 10) and Plaintiff has replied (Dkt. No. 11). Having considered the motion, response, reply, record, and relevant law, the Court is of the opinion that Plaintiff's motion should be DENIED.

### Factual and Procedural Background

According to Plaintiff's First Amended Original Complaint (Dkt. No. 1, Ex. 6), Plaintiff owns a house and land located at 13702 A La Entrada Calle, Corpus Christi, Nueces County, Texas 78418 ("the Property"), which Plaintiff financed through Defendant pursuant to a mortgage contract in February 2003. Plaintiff has insured the Property through United Services Automobile Association (USAA) since originally purchasing the Property in 1991. In March 2008, USAA informed Plaintiff that his windstorm insurance premium would be $2259.00 annually. Because of the high equity Plaintiff has in the Property, Plaintiff requested that Defendant forgo the requirement of windstorm insurance on the house.  When Defendant denied Plaintiff's request, Plaintiff

asked Defendant to pay the $2259.00 premium directly to USAA and allow Plaintiff to pay Defendant $188.25 monthly until repaid. Instead of paying the USAA premium, Defendant purchased a windstorm policy from another company for an annual premium of $10,159.97, which Defendant then applied to Plaintiff's escrow account without Plaintiff's knowledge or consent. In January 2009, Defendant purchased a second windstorm insurance policy on the Property and charged Plaintiff's escrow account $9,593.78 for the annual premium, again without Plaintiff's knowledge or consent. In an attempt to collect on the roughly $20,000 in windstorm insurance premiums, Defendant unilaterally raised Plaintiff's monthly mortgage payments. When Plaintiff continued to make his normal monthly payment and not the higher amount, Defendant refused to apply the payments to Plaintiff's account and instead held the money in escrow. Defendant also assessed escrow fees and late charges against Plaintiff, placing Plaintiff's account in default.

Plaintiff originally filed suit in the County Court at Law Number Four, Nueces County, Texas, alleging causes of action for breach of contract, negligence, gross negligence, wrongful notice of acceleration, wrongful notice of defaulted mortgage and threatened foreclosure, unreasonable debt collection practices, and violation of the Texas Fair Debt Collection Act. Plaintiff also seeks a declaratory judgment that he is current on the note and that any amounts applied to his account for windstorm premiums are null and void. Plaintiff further seeks injunctive relief prohibiting Defendant from foreclosing on the Property.

Defendant removed the action to federal court on May 29, 2009, citing diversity of citizenship as the basis for federal jurisdiction under 28 U.S.C. § 1332. Plaintiff moved

2

to remand this case on June 9, 2009, claiming the amount in controversy does not meet the federal minimum jurisdictional requirement of $75,000.00.

## Legal Standard

Proper removal involves threshold jurisdictional requirements. Title 28 U.S.C. § 1332(a) confers jurisdiction to district courts over diversity suits where the amount in controversy exceeds $75,000.00. Generally, the removing party has the burden of proving that federal jurisdiction exists. *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002).

In instances where a case has been removed and the plaintiff has failed to specify the amount in controversy, the Fifth Circuit has held that a removing party may establish jurisdiction by a preponderance of the evidence in either of two ways: (1) by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00; or (2) by setting forth facts that support the requisite finding. *Allen v. R.H. Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). A district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). If it is not facially apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. *Id.* The Fifth Circuit has held that "once a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

## Analysis

Plaintiff contends the amount in controversy in this suit does not meet the federal minimum jurisdictional requirement of $75,000.00 because, "[a]t the time of removal, Berry's actual damages for which he seeks declaratory relief is $20,652.63, plus reasonable, necessary and customary attorney fees." (Dkt. No. 9 ¶ 4.) Specifically, "[t]he subject of the dispute are the additional charges that Chase has attached to the original note on the property. . . . Berry merely [seeks] a judicial determination that the Chase Finance is not entitled to recover $20,652.63 from Berry either directly or by increasing Berry's monthly note payments." (Dkt. No. 11 ¶¶ 1—2.)

The Court initially finds that it is not "facially apparent" Plaintiff's claim exceeds $75,000.00. However, as Defendant points out, Plaintiff's First Amended Original Petition also seeks injunctive relief prohibiting Defendant from accelerating the loan and seeking foreclosure. "While . . . a prohibition of foreclosure proceedings would not result in the increase of a monetary award, it does increase the value of the suit." *Nationstar Mortg., LLC v. Knox*, 2008 WL 4372751, *1 (N.D. Miss. Sept. 19, 2008).

It is well established that "[w]hen equitable and injunctive relief is sought 'the amount in controversy is measured by the value of the object of the litigation,' and '[t]he value of that right is measured by the losses that will follow.'" *Milligan v. Chase Home Finance, LLC*, 2009 WL 562219, at *3 (N.D. Miss. Mar. 4, 2009) (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977), *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996)). In other words, "'the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented.'" *Id.* (quoting *Leininger v. Leininger*, 705 F.2d 727,

4

729 (5th Cir. 1983)). *See also Puente de Reynosa, S.A. v. City of McAllen*, 357 F.2d 43, 47 (5th Cir. 1966) ("The 'substantial character of the jurisdictional averment . . . is to be tested, not by the mere immediate pecuniary damage resulting from the acts complained of, but by the value of the business to be protected and the rights of property which the complainant sought to have recognized and enforced.'") (quoting *Bitterman v. Louisville & Nashville R.R. Co.,* 207 U.S. 205, 222 (1907)). The amount in controversy is determined from the perspective of the plaintiff, and the proper measure is the benefit to the plaintiff, not the cost to the defendant. *Chambers v. Chase Home Finance LLC*, 2006 WL 3086517, at *3 (N.D. Tex. Oct. 31, 2006) (citing *Webb*, 89 F.3d at 257 n.1, *Garcia v. Koch Oil Company of Texas Inc.,* 351 F.3d 636, 639—40 (5th Cir. 2003)).

Here, Plaintiff seeks a declaration "for Defendant to be estopped from accelerating and seeking foreclosure, and be disallowed from seeking foreclosure or dispossession of the Plaintiff from his home." (Dkt. No. 1, Ex. 6 ¶ 58(g).) Absent judicial relief, Plaintiff could be divested of all right, title, and interest to the Property. Thus, the value of the declaratory and injunctive relief to Plaintiff is $244,707.00—the current appraised fair market value of the Property according to the Nueces County Appraisal District. (Dkt. No. 10, Ex. 2-A.)

Finally, Defendant draws the Court's attention to the various other damages Plaintiff requests in his First Amended Original Complaint but fails to address in his motion to remand. In addition to the $20,652.63 in disputed insurance premiums and late fees, plus the request for declaratory and injunctive relief prohibiting foreclosure, Plaintiff also seeks the following unspecified damages: (1) physical pain; (2) mental anguish; (3) reimbursement of the "reasonable value" of his time and expense; (4) loss of

benefit-of-the-bargain damages; (5) out-of-pocket expenses; (6) consequential damages; (7) exemplary damages; and (8) attorney's fees.

"Damages for physical illness [and] emotional distress . . . may never be determined with balance sheet precision. The best the court can do is make a reasonable estimate of the amount at controversy based on the facts presented to it and the forms of damages demanded." *Clifton v. Washington Mut. Bank*, 2007 WL 2263899, at *3 (W.D. La. July 23, 2007). Here, as in *Clifton*, "where Plaintiff[] assert[s] physical, emotional and financial damages associated with a foreclosure of [his] home, plus entitlement to punitive damages and attorney fees, the [Court] believes that it is reasonable to conclude that [Defendant] has shown that it is more likely than not that the amount in controversy exceeds $75,000." *See id.*

## Conclusion

For the reasons set forth above, the Court concludes that Defendant has shown by a preponderance of the evidence that it is more likely than not that Plaintiff's claim will exceed $75,000.00. Because Plaintiff has failed to demonstrate that his recovery will not exceed $75,000.00 to a legal certainty, Plaintiff's Motion to Remand (Dkt. No. 9) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 27th day of August, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE