UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIAM H. BERRY, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. C-09-116 |
| | § | |
| CHASE HOME FINANCE LLC, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Before the Court is Plaintiff William H. Berry's ("Plaintiff") Motion to Deposit Funds in Registry of Court (Dkt. No. 19), to which Defendant Chase Home Finance, LLC ("Defendant") has responded (Dkt. No. 20) and Plaintiff has replied (Dkt. No. 21). After considering the motion, response, reply, and applicable law, the Court is of the opinion that Plaintiff's motion should be DENIED.

## Background

The Complaint (Dkt. No. 1, Ex. 6) alleges that Plaintiff owns a house and land in Corpus Christi, Texas ("the Property"), which he financed through Defendant pursuant to a mortgage contract in February 2003. Plaintiff has insured the Property through United Services Automobile Association (USAA) since originally purchasing the Property in 1991. In March 2008, USAA informed Plaintiff that his windstorm insurance premium would be $2259.00 annually. Because of the high equity Plaintiff has in the Property, Plaintiff requested that Defendant forgo the requirement of windstorm insurance on the house. When Defendant denied Plaintiff's request, Plaintiff asked Defendant to pay the premium directly to USAA and allow Plaintiff to pay Defendant $188.25 monthly until repaid. Instead of paying the USAA premium, Defendant purchased a windstorm policy from another company for an annual premium of $10,159.97, which

1

Defendant then applied to Plaintiff's escrow account without Plaintiff's knowledge or consent. In January 2009, Defendant purchased a second windstorm insurance policy on the Property and charged Plaintiff's escrow account $9,593.78 for the annual premium, again without Plaintiff's knowledge or consent. In an attempt to collect on the roughly $20,000 in windstorm insurance premiums, Defendant unilaterally raised Plaintiff's monthly mortgage payments. When Plaintiff continued to make his normal monthly payment and not the higher amount, Defendant refused to apply the payments to Plaintiff's account and instead held the money in escrow. Defendant also assessed escrow fees and late charges against Plaintiff, placing Plaintiff's account in default.

Plaintiff seeks money damages from Defendant for breach of contract, negligence, gross negligence, wrongful notice of acceleration, wrongful notice of defaulted mortgage and threatened foreclosure, unreasonable debt collection practices, and violation of the Texas Fair Debt Collection Act. Plaintiff also seeks a declaratory judgment that he is current on the note and that any amounts applied to his account for windstorm premiums are null and void, as well as injunctive relief prohibiting Defendant from foreclosing on the Property.

**Plaintiff's Motion to Deposit Funds**

In his presently pending motion, Plaintiff claims that he has continued to make his monthly payments to Defendant since filing this lawsuit in May 2009. However, Plaintiff believes Defendant is still wrongfully applying these payments to the "negative escrow" account it created to pay the windstorm insurance premiums on the house. Plaintiff disputes this application of his payments and seeks leave of Court to deposit his monthly payments of $1,473.11[1] into the registry of the Court, in an interest-bearing account, until final resolution of this litigation. According to Plaintiff, if he is not allowed to make these payments into the registry of the Court, Defendants' records concerning

---

1. Plaintiff states that his monthly mortgage payment was $1,473.11 before the present dispute concerning windstorm insurance arose. Defendant claims Plaintiff arbitrarily selected this amount, which has no basis in fact or law, but does not indicate what it believes Plaintiff's monthly payment should be.

2

Plaintiff's account will become so muddled and confused that Plaintiff will be forced to retain a financial expert to properly trace the application of his payments, which is unfair and unduly prejudicial.

Defendant opposes Plaintiff's motion on the grounds that Plaintiff essentially seeks injunctive relief without meeting the necessary evidentiary burden. Defendant further claims it is prejudiced by Plaintiff's attempt to divert payments he undisputedly owes Defendant to the registry of the Court, while Defendant remains strapped with accruing interest and continues to advance sums for escrow items in order to protect its collateral.

## Analysis

Because the Parties are diverse, and Texas law applies to a number of Plaintiff's claims, the Court will analyze Plaintiff's Motion to Deposit Funds under both Texas and federal law.[2]

**A. Rule 67 Analysis**

Federal Rule of Civil Procedure 67 ("Rule 67") provides in pertinent part:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party . . . may deposit with the court all or part of the money or thing, whether or not that party claims any of it.

FED. R. CIV. P. 67(a). "The purpose of a deposit under Rule 67 is to relieve the depositor of responsibility for the money or thing in dispute while the parties litigate their differences with respect to the res." *In re Craig's Stores of Texas, Inc.*, 402 F.3d 522, 530 (5th Cir. 2005); s*ee also Cajun Elec. Power Co-op., Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 445—46 (5th Cir. 1990); 12 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2991 (1973). Whether the rule should be available in any particular case is a matter committed to the sound discretion of the trial court. *Cajun Elec. Power Co-op.*, 901 F.2d at 446.

---

2. Neither Party has pointed the Court to a single statute, rule of procedure, case, or other authority in support of its argument.

The present case is analogous to *Baxter v. United Forest Products Co.*, 406 F.2d 1120 (8th Cir. 1969) (cited with approval in *Gulf States Utils. Co. v. Alabama Power Co.*, 824 F.2d 1465, 1474 (5th Cir. 1987), *modified on other grounds*, 831 F.2d 557 (5th Cir. 1987)). The plaintiff in *Baxter* bought a business and agreed to pay the purchase price in four installments; however, if he failed to make any payment, he forfeited the business plus any payments made before default. *Id.* at 1122. The plaintiff sued for money damages when he discovered the defendant seller had committed fraud in making the sales contract, but at the same time the plaintiff affirmed the contract's validity and moved to deposit the remaining installments in the registry of the court to avoid the contract's harsh forfeiture provisions. *Id.* The Eighth Circuit rejected this use of Rule 67, rationalizing that the plaintiff had no interest in the installments after he had affirmed the contract, and so the deposits belonged to the defendant and were not "in dispute." *Id.* at 1126.

Here, Plaintiff has sued for money damages and a declaration that he is not in default on the loan, but he still wishes to remain in possession of the Property and affirm the mortgage contract. There is no dispute that Defendant is entitled to monthly payments from Plaintiff under the contract, even though the dollar amount of those payments is disputed. As Defendant points out, allowing Plaintiff to deposit payments he indisputably owes Defendant into the registry of the Court would unfairly deprive Defendant of the use of its money pending the final determination of this action. This is not Rule 67's intended purpose. *See Dinkins v. General Aniline & Film Corp.*, 214 F.Supp. 281, 283 (D.C.N.Y. 1963).

Plaintiff has not demonstrated that he is entitled to relief pursuant to Rule 67.

**B. Temporary Injunction Analysis**

Under Texas law, if there is evidence that disputed funds are in danger of being lost or depleted, the Court may order a party to pay those funds into the registry of the Court. *See Castilleja v. Camero*, 414 S.W.2d 431, 433 (Tex. 1967); *North Cypress Medical Center Operating*

*Co., Ltd. v St. Laurent*, 296 S.W.3d 171, 178 (Tex. App.—Houston 2009). However, as noted *supra*, rightful ownership of the funds in question is not in dispute, even if there is disagreement over how much Plaintiff's monthly mortgage payment should be. Instead, Plaintiff's motion effectively seeks a temporary injunction compelling Defendant to deposit any payments it receives or is entitled to receive from Plaintiff into the registry of the Court, in order to prevent Defendant from applying these payments to Plaintiff's account in any way other than to the principal balance of Plaintiff's loan.

Texas law holds a temporary injunction to be "an extraordinary remedy that does not issue as a matter of right." *North Cypress*, 296 S.W.3d at 175 (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)). A party seeking injunctive relief must prove that he has (1) a cause of action against the opposing party; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the meantime. *Id.* An injury is irreparable if the party seeking the injunction cannot be adequately compensated by monetary damages, or if those damages are incapable of calculation. *Id.*; *Reach Group, L.L.C., v. Angelica Grp.*, 173 S.W.3d 834, 838 (Tex. App.—Houston 2005). Texas courts generally "do not enforce contractual rights by injunction, because an applicant who may recover breach-of-contract damages can rarely establish an irreparable injury and accompanying inadequate legal remedy." *North Cypress*, 296 S.W.3d at 175 (citing *Butnaru*, 84 S.W.3d at 211).

The harm Plaintiff claims he will suffer, if the Court does not grant his request to deposit his monthly mortgage payments into the Court registry, is that he will be forced to retain an expert to properly trace any future misapplication of these payments by Defendant. However, Plaintiff has failed to show that he will only be required to retain such an expert in the event that the Court denies his request for injunctive relief. If Defendant has unlawfully misapplied Plaintiff's mortgage payments in the past, as Plaintiff alleges, then Plaintiff will likely have to retain a presumably

identical expert to make sense of his past loan records. In any event, a full accounting will be required at the conclusion of this case.

More importantly, Plaintiff has failed to show he has an inadequate remedy at law, that is, that money damages would result in inadequate compensation for his having to pay for an expert absent injunctive relief. To the contrary, if Plaintiff is the prevailing party at trial, he can recover from Defendant breach of contract damages, including attorneys fees and costs. TEX. CIV. PRAC. & REM CODE § 38.001(8).

Plaintiff has not demonstrated that he is entitled to injunctive relief under Texas law.

**Conclusion**

For the aforementioned reasons, Plaintiff's Motion to Deposit Funds in Registry of Court (Dkt. No. 19) is hereby DENIED.

It is so ORDERED.

SIGNED this 12th day of February, 2010.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE