**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **WILLIAM H. BERRY, JR.,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | | **CIVIL ACTION NO. C-09-116** |
| § | | |
| **CHASE HOME FINANCE, LLC,** § | | |
| § | | |
| **Defendant.** § | | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Plaintiff William H. Berry's ("Plaintiff") Motion to Extend Deadlines to Designate Additional Experts (Dkt. No. 35), to which Defendant Chase Home Finance, LLC ("Defendant") has responded (Dkt. No. 36). Having considered the motion, response, record, and applicable law, the Court is of the opinion that Plaintiff's motion should be **DENIED**.

**I. Factual and Procedural Background**

According to the facts alleged in Plaintiff's First Amended Original Petition (Dkt. No. 1, Ex. 6), Plaintiff owns a house and land in Corpus Christi, Texas ("the Property"), which he financed through Defendant pursuant to a mortgage contract in February 2003. Plaintiff had insured the Property through United Services Automobile Association (USAA) since originally purchasing the Property in 1991, but because of the high equity Plaintiff had in the Property, Plaintiff requested that Defendant forego the requirement of windstorm insurance on the house. When Defendant denied Plaintiff's request, Plaintiff asked Defendant to pay the roughly $2000 annual premium directly to USAA and allow Plaintiff to pay Defendant monthly until repaid. Instead of paying the USAA premium, Defendant purchased windstorm policies in 2008 and 2009 from another company and charged Plaintiff's escrow account roughly $20,000 for the premiums, without Plaintiff's knowledge or consent. In an attempt to collect on the premiums, Defendant unilaterally raised Plaintiff's monthly mortgage payments. When Plaintiff continued to make his normal monthly payment and not the higher

1

amount, Defendant refused to apply the payments to Plaintiff's account and instead held the money in escrow. Defendant also assessed escrow fees and late charges against Plaintiff, placing Plaintiff's account in default.

Plaintiff initiated the instant action on April 28, 2009 seeking money damages from Defendant for breach of contract, negligence, gross negligence, wrongful notice of acceleration, wrongful notice of defaulted mortgage and threatened foreclosure, unreasonable debt collection practices, and violation of the Texas Fair Debt Collection Act. Plaintiff also seeks a declaratory judgment that he is current on the note and that any amounts applied to his account for windstorm premiums are null and void, as well as injunctive relief prohibiting Defendant from foreclosing on the Property.

The Court entered a Scheduling Order on September 8, 2009 setting April 2, 2010 as the deadline for Plaintiff to designate expert witnesses and furnish expert reports to Defendant. (Dkt. No. 18.) The Court thereafter granted the Parties' Agreed Motion to Extend Scheduling Order Deadlines and extended that deadline to October 15, 2010. (*See* Dkt. Nos. 31, 32, 33.) On October 15, 2010, Plaintiff filed his Supplemental Designation of Expert and Potential Expert Witnesses (Dkt. No. 34), as well as the present motion seeking to extend the deadline for designating experts and furnishing reports by an additional 45 days.

**II. Legal Standard**

Federal Rule of Civil Procedure 6(b) provides that the Court may, for good cause, extend a deadline "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." FED. R. CIV. P. 6(b)(1)(A). The Fifth Circuit has recognized that "[t]he permissive language of Rule 6(b) shows that any grant of an extension of time for when an act must be done falls to the district court's discretion." *McCarty v. Thaler*, 376 Fed. Appx. 442, 443 (5th Cir. 2010) (citing *Geiserman v. MacDonald,* 893 F.2d 787, 793 (5th Cir. 1990)). Thus, "[e]ven if good cause . . . [is] shown, it nonetheless remains a question of the court's discretion whether to grant any

motion to extend time under Rule 6(b)." *Id.* (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894—98 (1990)).

### III. Analysis

Plaintiff filed his motion seeking to extend the deadline to designate experts as a result of the Texas Attorney General's investigation of various mortgage servicing companies for "wrongful conduct" and "mortgage company misdeeds." (Dkt. No. 35 at 1.) Plaintiff alleges that "[t]he recently exposed activity and conduct by mortgage companies and companies servicing mortgage loans will in all likelihood impact Plaintiff's litigation." (*Id.*) Because "[n]ew people and issues are being identified daily," Plaintiff maintains that he "has not had sufficient time to locate an expert to assist in developing the case." (*Id.*)

Plaintiff fails to identify what type of expert he is contemplating or how any investigation by the Texas Attorney General might impact this litigation. Plaintiff also fails to identify the "[n]ew people and issues" that will necessitate additional expert witnesses and how these issues have any relevance to his claims in this case. Accordingly, the Court finds that Plaintiff has failed to demonstrate good cause for extending the deadline to designate additional expert witnesses, and his request should be denied.

### IV. Conclusion

For the reasons set forth above, Plaintiff's Motion to Extend Deadlines to Designate Additional Experts (Dkt. No. 35) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 16th day of December, 2010.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE